Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
**Cauble, Selvig & Whittington, LLP**
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **KELLY DEMYAN,** | Case No.: |
| Plaintiff, | **COMPLAINT (Negligence, Premises Liability)** |
| v. | |
| **WALMART, INC., a Foreign Business Corporation,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Kelly Demyan, by and through her attorney, Christopher L. Cauble, and alleges as follows:

1.

Plaintiff is a resident of Josephine County, Oregon. All actions occurred in Josephine County, Oregon.

2.

Defendant Walmart, Inc. is a foreign business corporation with its principal place of business in Bentonville, Arkansas. At all times material, Defendant conducted regular and sustained business throughout the state of Oregon, including Josephine County, Oregon.

Page 1 – **COMPLAINT**

3.

Jurisdiction is proper in federal court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy is greater than $75,000.00.

4.

Venue is proper in the U.S. District Court of Oregon pursuant to 28 U.S.C. §1391(b) because all parties are, and at all times relevant were, residents of or doing regular, sustained business in Oregon.  Venue is proper in the Medford subdivision because at all times relevant, all parties were located in and all relevant actions occurred in Josephine County, which is encompassed in the Medford subdivision of the U.S. District Court of Oregon.

5.

On or about December 30, 2019, Plaintiff visited the Walmart located at 135 NE Terry Street, Grants Pass, Josephine County, Oregon ("the Grants Pass Walmart").

6.

Plaintiff was entering the western entrance by the automotive/tire center section, near the intersection of "F" Street and Terry Lane.  While still in the parking lot, just outside the entrance, Plaintiff tripped over a mat and fell to the ground, landing on her left hip and side.

7.

Despite Plaintiff's falling near the entrance and being in extreme pain and being unable to bear weight on her let side, none of Defendant's employees responded to help Plaintiff or offered to call 911.

8.

Plaintiff managed to stand up and walk into the store and made it to the pharmacy section before passing out from excruciating pain.  Concerned citizens, not Walmart employees, called 911 for medical assistance.  At no point before passing out did any employee or agent of Defendant

Page 2 – **COMPLAINT**

Walmart ask Plaintiff if she was alright, if she wanted or needed medical assistance, nor did any employee or agent of Defendant call 911 or attempt to help Plaintiff.

9.

Plaintiff was transported via ambulance to Asante Three Rivers Medical Center where she was diagnosed with a left valgus femoral neck fracture (broken hip) as well as contusions and injuries to her ribs and elbow on her left side. Plaintiff's hip broke either on the initial fall or when she subsequently got up and walked to the pharmacy section. She was admitted to the hospital and underwent surgery where screws and other hardware were inserted to stabilize her hip.

10.

Since sustaining the injuries, Plaintiff has had to continually seek medical care and undergo physical therapy.

11.

As a direct and proximate result of her injuries, Plaintiff has incurred significant economic damages including medical expenses and lost income in the amount of $750,000.00 Plaintiff has further been damaged in the amount of $1,000,000.00 for pain and suffering.

## FIRST CLAIM FOR RELIEF

**(Negligence – Respondeat Superior)**

12.

Plaintiff re-alleges paragraphs 1-11 as if fully set forth herein.

13.

At all times relevant, Defendant Walmart had a principal-agent relationship with its employees, including the employees at the Grants Pass Walmart. As principal, Defendant is bound by and responsible for the actions of its employees.

//

14.

All the employees' actions and inactions occurred while they were acting within the scope of their employment with the Grants Pass Walmart.

15.

Defendant knew or should have known that a customer would have been injured if they were to trip over a carpet/mat.

16.

Defendant did foresee or should have foreseen that an injury was possible to a customer in placing and/or failing to remove the carpet/mat from that location.

17.

Defendant was negligent in failing to remove the mat/carpet from the entryway or warn customers of the tripping hazard.

18.

Defendant was further negligent in one or more of the following particulars:

    a. In failing to warn Plaintiff and others of the danger and placement of the carpet/mat;

    b. In failing to properly train employees on how to maintain a safe premises;

    c. In failing to properly train employees in safety protocol and medical response;

    d. In failing to properly train employees when to call for emergency services;

    e. In failing to provide a safe entry to customers; and

    f. In failing to maintain a safe location for customers.

19.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff was injured either during the initial fall, or while trying to seek help when no employees responded to assist

Page 4 – **COMPLAINT**

her.

20.

The injury Plaintiff sustained was a foreseeable result of the negligence of Defendant.

21.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered $750,000.00 in past and future medical expenses, lost earnings, and economic damages. Plaintiff has also suffered non-economic damages in the amount of $1,000,000.00 for pain and suffering. Plaintiff reserves the right to amend the amount of economic damages

**SECOND CLAIM FOR RELIEF**

**(Premises Liability)**

22.

Plaintiff re-alleges paragraphs 1-21 as if fully set forth herein.

23.

As a customer, Plaintiff was an invitee of Defendant.

24.

Defendant owed Plaintiff, as an invitee, both a duty to warn of latent dangers and an affirmative duty to protect her against dangers that Defendant knew or reasonably should have known about.

25.

Defendant knew or reasonably should have known that a customer could be injured by tripping over a carpet/mat.

26.

Defendant did not remove the carpet/mat from the entryway, nor did Defendant warn customers of the placement of the carpet/mat.

Page 5 – **COMPLAINT**

27.

Due to Defendant's actions and inactions, Plaintiff was injured either on the initial fall or while seeking help which was not provided to her by any employee of Defendant.

28.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff suffered contusions to her ribs and elbow, as well as a broken hip.

29.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered damaged in the amount alleged in paragraph 19 above.

WHEREFORE, Plaintiff prays for the following relief:

1. For a judgment against Defendant for $750,000.00 or in an amount to be determined at trial for her economic damages;
2. For a judgment against Defendant for $1,000,000.00 for non-economic damages;
3. For costs and disbursements incurred by Plaintiff; and
4. For such other relief as the Court deems just and equitable.

**DATED**: this 13th, day of 2020.

CAUBLE, SELVIG & WHITTINGTON, LLP

*/s/ Christopher L. Cauble*
Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
**CAUBLE, SELVIG & WHITTINGTON, LLP**
111 SE 6th Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704
Of Attorney for Plaintiff

Page 6 – **COMPLAINT**